IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00259-PAB

DONALD PFISTER, an individual, and
CACTUS DEVELOPMENT, LLC, a North Dakota limited liability company,

    Plaintiffs,

v.

DAN K. EBERHART, an individual,
EBERHART CAPITAL, LLC, a Delaware limited liability company,
FRONTIER ENERGY GROUP, INC., a Nevada corporation,
CANARY, LLC, a Nevada limited liability company,
CANARY CO, LLC, a Colorado limited liability company,
UNITHERM FURNACE, LLC, a Nevada limited liability company,
LUFT, LLC, a Nevada limited liability company, and
LUFT MACHINE, LLC, a Colorado limited liability company,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on the complaint filed by Donald Pfister and Cactus Development, LLC ("plaintiffs"). Plaintiffs assert that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 5, ¶ 29. The complaint alleges that Mr. Pfister is a member of defendants Canary, LLC, *id.* at 4, ¶ 18, Canary CO, LLC, *id.* at 2, ¶ 4, Unitherm Furnace, LLC, *id.* at 5, ¶ 25, Luft, LLC, *id.,* ¶ 26, and Luft Machine, LLC, *id.*, ¶ 27. *Id.* The complaint also alleges that defendant Dan Eberhart is a member of plaintiff Cactus Development, LLC. *Id.* at 3, ¶ 10.

    In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin Operating Co. LLC v. Owens* 135 S. Ct. 547, 554 (2014). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

Plaintiffs bear the burden of establishing the Court's jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). Plaintiffs invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Section 1332(a)(1) states:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction under 28 U.S.C. § 1332(a) requires each plaintiff to be diverse from each defendant. *Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)).

An LLC takes the citizenship of all of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Mr. Pfister, a citizen of Montana, is a member of all but one of the defendant LLCs. Thus, there are Montana citizens as both plaintiffs and defendants. Defendant Eberhart, alleged on "information and belief" to be a Texas citizen, is a member of plaintiff Cactus Development, LLC. Thus, there are Texas citizens as both a plaintiff and as defendants in this case. The parties are therefore not diverse. Because the face of the complaint evinces no other basis than diversity for this Court's subject-matter jurisdiction, the case cannot proceed in this Court and must be dismissed. *See Laughlin*, 50 F.3d at 873-74.

For the foregoing reasons, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

DATED February 5, 2016.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge